**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

OLGA SEOANES,

        Plaintiff,

v.                                          Case No. 6:13-cv-1568-Orl-37GJK

CAPITAL ONE BANK (USA) N.A.,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion for Remand and Incorporated Memorandum of Law (Doc. 16), filed November 8, 2013; and

2. Defendant's Response in Opposition to Plaintiff's Motion to Remand (Doc. 19), filed November 22, 2013.

Upon consideration, the Court finds that Plaintiff's motion for remand is due to be granted.

**BACKGROUND**

Plaintiff initially brought this action in state court, alleging that Defendant, in an effort to collect a $439 debt, falsely reported to consumer reporting agencies that Plaintiff was deceased. (*See* Doc. 2, ¶¶ 6–27.) Plaintiff claims that Defendant's collection practices violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72, and amounted to intentional infliction of emotional distress, invasion of privacy, and slander of credit. (*Id.* ¶¶ 28–55.) Plaintiff claims to have sustained damages including "economic damages, mental pain and suffering, emotional distress,

mental anguish, inconvenience, and loss of capacity for the enjoyment of life." (*Id.* ¶ 48.) The Complaint requests, *inter alia*, statutory damages, actual damages, and attorney's fees. (*Id.* at 9.)

Plaintiff sent Defendant a demand letter offering to settle this case for $70,000 plus satisfaction of the $439 debt. (*See* Doc. 1-3, p. 2.) The demand letter indicated that Plaintiff "firmly believe[d] [$70,000] is well below what a jury will award" and that Plaintiff intended to seek punitive damages as well as attorney's fees. (*Id.*) Defendant permitted the settlement offer to expire and then requested Plaintiff to stipulate that damages in this action will not exceed $75,000. (*See* Doc. 1-3, pp. 2–6.) Plaintiff declined to respond to Defendant's stipulation request. (*See id.*)

Defendant removed the case to this Court based on diversity jurisdiction. (*See* Doc. 1.) Plaintiff moves to remand to state court, arguing that the amount in controversy does not exceed $75,000. (*See* Doc. 14.) Defendant opposes. (*See* Doc. 22.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Removal jurisdiction exists where a state-court claim could have been brought originally in federal court. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over actions in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing federal jurisdiction. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where removal is premised on diversity jurisdiction and a complaint does not claim a specific amount of damages, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement [of $75,000]." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155

F. App'x 480, 481 (11th Cir. 2005) (citing *Williams*, 269 F.3d at 1319). Uncertainties concerning jurisdiction are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

The court may look to the complaint, notice of removal, and any other relevant papers revealing that the amount in controversy is satisfied. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Settlement offers or demand letters qualify as other relevant papers. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007).

### DISCUSSION

The parties agree that complete diversity exists in this action: Plaintiff is a Florida citizen and Defendant is a national banking association organized and headquartered in Virginia. (*See* Doc. 1, ¶¶ 4–6; Doc. 16, p. 1.) Thus, the sole question for the purpose of this motion is whether the Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Williams*, 239 F.3d at 1319. Defendant contends that "the allegations in Plaintiff's Complaint, combined with Plaintiff's settlement demand and refusal to stipulate that the amount in controversy does not exceed $75,000 exclusive of interests and costs, and later withdrawal of the settlement demand on the grounds that it had expired[,] demonstrate that it is more likely than not that the minimum amount in controversy is present." (Doc. 1, ¶ 9.) The Court disagrees.

First, Defendant overemphasizes the significance of Plaintiff's settlement offer. "Settlement offers commonly reflect puffing and posturing," especially where they lack "specific information to support the plaintiff's claim for damages." *Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319-Oc-32HBT, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5,

3

2010) (quoting *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)) (internal quotation marks omitted). Such threadbare offers are entitled to little weight when determining the amount in controversy because the Court cannot determine whether they represent "reasonable assessment[s] of the value of [a plaintiff's] claim." *Id.* Here, Plaintiff's demand letter contains a wholly unsupported settlement offer, in which Plaintiff offers to settle this action for $70,000 based solely on her "firm belief" that the request is reasonable. (*See* Doc. 1-3, p. 2.) The Court does not share plaintiff's counsel's "firm belief." Significantly, the demand letter does not include any indication of how Plaintiff reached the $70,000 figure. (*See id.* at 2) In fact, aside from a single reference to a "debt" between the parties, the demand letter never addresses the nature of the Plaintiff's claims, nor does it provide any factual information in support of her alleged damages. (*See id.*) Without more, the Court cannot determine whether the jurisdictional threshold has been met. *See Lowery*, 483 F.3d at 1215 (noting that courts should not speculate as to whether the amount-in-controversy requirement has been met and that "the existence of jurisdiction should not be divined by looking into the stars"). Accordingly, Plaintiff's bare-boned, unspecific settlement offer is entitled to little weight in the Court's amount-in-controversy calculation.

Defendant further contends that Plaintiff's "withdrawal of the settlement demand on the grounds that it had expired" indicates that the actual amount in controversy exceeds the jurisdictional requirement. (*See* Doc. 1, ¶ 9.) To the contrary, the email exchange attached to Defendant's Notice of Removal indicates that Plaintiff continually attempted to elicit settlement offers from Defendant after Plaintiff's offer had expired. (*See* Doc. 1-3, p. 4.) Moreover, by this stage of the discussions, Plaintiff's counsel had conceded that this case should settle for *less* than the original $70,000 settlement offer.

(*See id.* at 2, 4 (communicating to counsel for Defendant that "this case would settle for less than $70k and you know it").) Thus, in contrast to Defendant's contentions, Plaintiff's conduct following expiration of the original settlement offer suggests that the amount in controversy falls below this Court's jurictional threshold.

Defendant next argues that Plaintiff's refusal to stipulate that the amount in controversy does not exceed $75,000 further evinces that the jurisdictional requirement has been met in this case. (*See* Doc. 1, ¶¶ 17–18.) Indeed, "a plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy." *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (citation and internal quotation marks omitted). While the Court takes a dim view of the transparent retreat from the valuation of the amount in controversy by the plaintiff to avoid the federal forum, "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [Defendant's] burden of proof on the jurisdictional issue." *Williams*, 269 F.3d at 1320. Here, Plaintiff simply avoided the question, not a laudable practice, but not illuminating on the amount in controversy issue. (*See* Doc. 1-3, p. 4 (showing that Plaintiff's counsel responded to Defendant's final request to stipulate to damages by sending a one-line email asking, "Why won't your client make an offer to settle?").) In this context, Plaintiff's failure to stipulate to damages does not support a finding that the amount in controversy exceeds the jurisdictional requirement, especially given Plaintiff's demonstrated willingness to resolve this case for less than the original $70,000 demand.

Finally, Defendant has not provided objective evidence from which the Court can determine whether the specific allegations in Plaintiff's Complaint gave rise to injuries

sufficient to satisfy the amount-in-controversy requirement. The Court can employ its "judicial experience and common sense" to assess the value of Plaintiff's claim. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Under this assessment, the amount in controversy is not established.

In summary, having considered the totality of the circumstances in this case, the Court concludes that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. This case is therefore due to be remanded.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Remand (Doc. 16) is **GRANTED**.
2. This action is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.
3. The Clerk is **DIRECTED** to close this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 4, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

The Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida